301 So.2d 609 (1974)
STATE of Louisiana, Appellee,
v.
Herbert JOHNSON, Appellant.
No. 54766.
Supreme Court of Louisiana.
October 11, 1974.
*610 Daniel E. Becnel, Jr., Reserve, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Melvin P. Barre, Dist. Atty., Roland J. St. Martin, Asst. Dist. Atty., for plaintiff-appellee.
TATE, Justice.
The defendant was convicted of armed robbery, La.R.S. 14:64, and sentenced to fifteen years at hard labor. Upon his appeal, he relies upon 14 bills of exceptions. We find no reversible error and therefore affirm.
Selection of Petit Jury
Five bills were taken during the selection of the petit jury.
Bill Nos. 1 and 2 were taken when the trial court sustained State objections to two questions asked of Jacob, a prospective juror. We find no abuse of discretion in the trial court's disallowance of the first question as concerning the merits of the case rather than the juror's qualifications. The second question, designed to test if the juror had any fixed racial prejudice, was felt by the trial court to be too broadly phrased; and, although possibly the question should have been allowed, the trial court's further questioning in the context of the colloquy with the prospective *611 juror adequately negatived any such prejudice.
Bill Nos. 3, 4, and 5 were taken as to the trial court's failure to sustain challenges for cause as to three jurors. However, since the defendant did not exhaust his peremptory challenges, he cannot now complain of the refusal to allow challenges for cause. La.C.Cr.P. art. 800.
Trial Questioning of Witnesses
Six bills were taken as to the trial court's rulings on objections to questioning of witnesses.
We find no error or abuse of discretion in: the trial court's disallowing, as argumentative, defense questioning of witnesses as to whether they agreed or disagreed with the testimony of another witness at obvious slight variance with their own (Bill Nos. 7 and 10); the trial court's permitting state question on re-direct examination, on the sole trial objection (factually erroneous) that the matters had not been touched upon in prior direct or cross-examination (Bill Nos. 8 and 9); the trial court's permitting a witness to explain his answer (Bill No. 13).
The remaining bill of this series invites a little further discussion.
A police log was introduced in evidence. The entries were written in three different-colored inks. The defendant contends that the different-colored inks represented insertions made at a later date.
A deputy-witness was asked to read the "message without the black ink". The state objected that to do so would change the meaning of the entry. This, of course, is exactly what the defendant contends.
The trial court was probably in error in sustaining the objection (Bill No. 11) to this question of the defense counsel's cross-examination. However, we do not find reversible error occurred, since in fact the jury was given the police log and had the full advantage of defense counsel's argument that the black-inked words were later additions that changed the meaning of the original log entry.
Police Log Admissible
A police log was introduced over objection that it was hearsay. (Bill No. 6.) The log was maintained by the police radio operator and showed times of reports, messages, and actions.
The apparent purpose was to show the time sequence between the report of the robbery, the dispatch of a police officer to the scene, the broadcast of the suspects' description, and their apprehension a short period later. The times in question were also all shown by the direct testimony of the police officers involved in the respective actions.
The police log was introduced in connection with the testimony of the officer who kept it and who had himself made the entries. We doubt that, technically, it was either hearsay or a business record exception to the hearsay rule. It was not introduced as self-proof of the facts contained in it, but rather as past recollection recorded of a witness. See McCormick on Evidence, Sections 304, 306 (2d ed. 1972). In any event, we find no prejudice in its admission.
As to the objection based on the different-colored entries, this goes to the weight rather than to the admissibility. It constituted a matter of argument for the jury.
Other Bills
A subpoena was issued to the victim on the next to last day of the trial. It was issued for the 1972 record and receipt book of the victim's employer. The alleged purpose was to determine the exact amount of money stolen. The victim returned the next day without the records, since he did not have them in his custody nor did he have authority to obtain them from his employer. *612 We find no error in the trial court's ruling that the witness could not satisfy the subpoena (Bill No. 12).
Likewise, we find no error in the trial court's denial of a motion for a directed verdict. (Bill No. 14.) The state presented evidence, including eyewitness evidence, of the defendant's guilt.

Decree
For the reasons assigned, we affirm the conviction and sentence.
Affirmed.